MILTON BROWN V. LOUIS K. DANN.

No. 14,224.    (81 Pac. 471.)

SYLLABUS BY THE COURT.

1. DIVORCE—*Forged Entry of Appearance—Jurisdiction.* A decree of divorce granted upon a forged entry of appearance, and without jurisdiction of the defendant, is a nullity and binds no one.

2.———— *Void Judgment—Not Validated.* Where the defendant afterward appears and moves the court to set aside the void judgment, but subsequently consents that her motion may be dismissed, which is done, the dismissal will not operate to validate the judgment of divorce nor to sever the marriage relation.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 7, 1905. Reversed.

*Milton Brown,* for plaintiff in error.

*William R. Hazen,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Milton Brown to recover from Louis K. Dann the value of legal services rendered in behalf of Ida L. Dann, in proceedings between her and Louis K. Dann involving divorce, alimony, and support. It appears that in a proceeding in Osage county, in 1891, a judgment was entered divorcing Louis K. Dann from Ida L. Dann. She claims it was rendered without service of summons upon her or an entry of appearance by her. A written entry of appearance purporting to have been signed by her was filed in the case, but the contention is that it was a forgery. Several years afterward she employed the plaintiff to take legal steps to protect her interests, and he filed a motion in the district court of Osage county asking that the judgment of divorce be set aside on the ground that it had been rendered without jurisdiction and was absolutely void. About the

same time he began another action in behalf of Mrs. Dann in the district court of Shawnee county asking for a divorce from Mr. Dann, and also for alimony. The proceeding in Osage county was transferred to Shawnee county upon a change of venue, and after both cases had been pending for some time it appears that Louis K. Dann obtained a writing from Mrs. Dann consenting that an order of dismissal might be entered in both cases. Both were dismissed, but the order stated that it was without prejudice to the rights of plaintiff's attorney.

In this action there was testimony tending to show that Dann procured the agreement of dismissal upon the promise that he would provide a home for Mrs. Dann and her son, which he has not done. After offering proof in this case that the entry of appearance upon which the entry of divorce was rendered was forged, and that there was neither service on, nor appearance by, Mrs. Dann, and also of the extent of the legal services rendered by the plaintiff for Mrs. Dann, the sufficiency of the evidence was challenged by a demurrer. This the court sustained, and directed the jury to return a verdict for defendant. The ruling was based upon the theory that the dismissal of the motion to set aside the judgment of divorce because it was void operated to validate that judgment, and related back about twelve years to the rendition of the judgment.

If the judgment was void and the marriage relation unbroken the defendant is liable for the reasonable value of services rendered by the plaintiff for Mrs. Dann. Whatever the fact may be the testimony tends to show that the judgment was based upon a forged entry of appearance, and therefore the court was without authority to render any decree. As the case stands it must be assumed that the judgment was a nullity, at least until the dismissal of Mrs. Dann's motion, which had for its purpose the setting aside of the judgment. Did that dismissal make valid a void judg-

ment? If the decree was granted without jurisdiction of the defendant it had no vitality and bound no one. "In fact, a judgment rendered without jurisdiction is no judgment at all." (*Mastin v. Gray,* 19 Kan. 458, 466, 27 Am. Rep. 149.) Under the testimony the case stood at the time of the attack upon the judgment as if no judgment had been rendered, and as if the marriage relation still continued. Did an attack on such judgment, and the withdrawal of it, operate to sever the marriage relation? We think not. There was no trial on the motion to dismiss, and no consideration of the merits. Mrs. Dann appeared for the purpose of setting aside a nullity, and the allegation that the judgment was without force imparted no validity to it. Her consent to a withdrawal of the motion, and its final dismissal, only operated to take the motion out of court.

Whatever may have been the intention of the parties, neither their agreement nor the dismissal dissolved the marriage relation. Even if Mrs. Dann's presence in court for the purpose of attacking the judgment vested the court with jurisdiction over her for all purposes, it did not affect the status of the parties. Divorces are not granted upon defaults, nor is the marriage relation dissolved by the mere agreements of parties. Ordinarily the disposition of a motion does not finally determine the issues of a case, and in the absence of an agreement the mere dismissal of an action does not settle the merits of it. Whatever may be the effects of dismissal in an ordinary action of contract or tort it certainly cannot be deemed an adjudication on the merits in a divorce proceeding. Marriage is a status in which the public has an interest, and it can only be dissolved for the causes, and in the manner, prescribed by the legislature. It cannot be done by conducting a one-sided proceeding in court, without jurisdiction of the defendant, and, after a void decree has been entered, securing the ap-

pearance of the defendant and upon consent of the parties, without trial or consideration of the grounds for divorce, effecting a dissolution. If so it would be an easy matter to obtain collusive divorces. As the case was here presented there was no divorce when the motion to set aside the judgment was filed. Since that time no divorce has been decreed. The proceedings on the motion did not accomplish a divorce nor validate the void judgment which had been previously rendered.

The ruling of the court sustaining the demurrer to the evidence and directing judgment for defendant was erroneous, and is reversed.

All the Justices concurring.